IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SANPETE COUNTY, UTAH, a political subdivision, and STATE OF UTAH,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 2:12-cv-00430-CW<br><br>**[PROPOSED] ORDER PROTECTING CONFIDENTIALITY OF SETTLEMENT DISCUSSIONS** |

This matter is before the Court on the Parties' Joint Motion for Entry of Settlement Confidentiality Protective Order. Upon consideration of the Joint Motion and for good cause shown, it is ORDERED that the Joint Motion should be and hereby is GRANTED. It is further ORDERED that,

1. Definition. For the purposes of this Order, the term "Settlement Communications" means any communication made, exchanged, or provided by Plaintiffs; Plaintiffs' attorneys, representatives, agents, designees, experts, contractors, or consultants; Defendant; or Defendant's officers, attorneys, representatives, employees, agents, designees, experts, contractors, or consultants, in or for purposes of settlement discussions, regardless of whether the communications are or were oral, written, electronic, telephonic, or otherwise, in this case. "Settlement Communications" include but are not limited to analyses, data compilations, correspondence, briefs, memoranda, reports, or any other materials that are or were created or provided for the purpose of settlement discussions and that are or were provided in or through meetings, telephone calls, any other record, or any part of the foregoing materials.

2. General Provisions for Confidentiality. All Settlement Communications are for settlement purposes only and shall be treated as compromise negotiations under Rule 408 of the Federal Rules of Evidence. All Settlement Communications shall be deemed confidential and shall not be disclosed to any person or entity who is not a Party or a Party's counsel, officer, agent, employee, representative, designee, expert, contractor, or consultant, except as provided herein. Settlement Communications shall not be disclosed to individuals or entities affirmatively seeking their disclosure through requests submitted to Plaintiffs under Utah's Governmental Records and Access Management Act, Utah Code § 63G-2-101 *et seq*, or to Defendant (including the United States Department of Justice and any other departments or agencies associated with this case) under the Freedom of Information Act, 5 U.S.C. § 552. All Settlement Communications shall be clearly designated with the label or endorsement "Confidential Settlement Discussions and Communications—Do Not Disclose," to the extent possible. Even if a Settlement Communication is not so designated or not so clearly designated, the Settlement Communication nonetheless shall be deemed confidential and protected under this Order.

3. No Settlement Communications shall be filed with any court; provided to any judge; deemed admissible; or used as evidence or for impeachment purposes at trial, or in any subsequent proceedings, except as provided herein. Further, there shall be no written or electronic transcript of any settlement discussions, negotiations, or proceedings.

4. The Parties shall not assert that any actions taken; any information, documents, or data divulged; or any statements made by either Party during settlement discussions constitute or form the basis of a claim of any waiver of the attorney-client, work product, or deliberative process privileges.

5. Until further order of this Court, the confidentiality provisions of this Order shall remain in full force and effect after termination of settlement discussions and after dismissal of this case, regardless of whether the Parties reach settlement on any or all of the claims asserted by Plaintiffs.

6. Qualifications and Exceptions to the General Provisions of Confidentiality. Facts and evidence that are not privileged and that are otherwise independently discoverable from a Party or a non-party or that are admissible evidence shall not lose that characteristic or be rendered immune from discovery or inadmissible because of their use in settlement discussions or because of their inclusion in Settlement Communications. The Parties shall maintain as confidential any documents and data that are or were created or produced as part of settlement discussions between the Parties, subject to the right of either Party to seek, under the procedures set out in Paragraphs 7 and 8 below, to use any such documents or data outside of settlement discussions.

7. A Party may offer for admission, it may seek to have admitted into evidence in any subsequent proceedings in this case, or it may use in other settings, a Settlement Communication or any portion thereof:

a. That the Party has made, generated, produced, or obtained independently of the other Party, so long as the Settlement Communication or portion thereof does not attach, quote, paraphrase, or rely upon the contents or substance of a Settlement Communication or portion thereof that has been provided by the other Party and is protected by this Order; or

b. That the Party has received written confirmation from the other Party, after the Parties have conferred and agreed, that the Settlement Communication or portion thereof may be offered for admission, be admitted into evidence, or be used in the other settings.

8. Each Party may use one or more consultants or contractors to assist in the settlement discussions ("Settlement Consultants or Contractors"). In the event that the Parties are unable to reach settlement, this case proceeds to further litigation, and a Party offers any of its Settlement Consultants or Contractors as a testifying fact or expert witness, the Parties shall meet and confer about which, if any, of the materials created or relied upon by the Settlement Consultant(s) or Contractor(s) during the Settlement Consultant's or Contractor's engagement in the settlement discussions in this case shall be discoverable and admissible. Under no circumstances will a Party seek in any way the testimony of the other Party's Settlement Consultant or Contractor relating to (a) work conducted by that Settlement Consultant or Contractor for the purposes of settlement discussions, and (b) any settlement communication made by or to that Settlement Consultant or Contractor during the settlement discussions.

9. Under this Order, the parties may disclose Settlement Communications only to the following: (1) counsel of record, and those in their offices working directly with them on this case; (2) officials and employees of the Utah Public Lands Policy Coordinating Office; and (3) officials and employees of the U.S. Department of the Interior. Any other elected or appointed officials, officers, attorneys, representatives, employees, designees, agents, experts, contractors, or consultants representing or otherwise working for either party may have access to the Settlement Communications, provided, however, that, each person, before receiving such access, executes an "Affidavit of Confidentiality," in the form attached hereto as Exhibit 1, and provides that executed Affidavit to an attorney of record in this case. That attorney of record shall maintain the executed Affidavit(s) of Confidentiality in their files and produce them to opposing counsel upon request.

10. Informal Dispute Resolution. If the Parties have a dispute relating to any aspect

of this Order, the disputing Party shall notify the other Party in writing and state therein the grounds for the dispute. Within 30 days of the other Party's receipt of such written notification (or a longer period, if the Parties so agree), the Parties herein shall discuss and attempt to resolve the dispute. If the Parties do not resolve the dispute within 30 days or an extension of time thereof, the disputing Party may file a motion to seek a ruling from the Court regarding the dispute.

SO ORDERED.

Date: ______________________________

______________________________
CLARK WADDOUPS
United States District Judge

# EXHIBIT 1 TO [PROPOSED] SETTLEMENT CONFIDENTIALITY PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SANPETE COUNTY, UTAH, a political subdivision, and STATE OF UTAH,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 2:12-cv-00430-CW |

**AFFIDAVIT OF CONFIDENTIALITY**

STATE OF ______________________________,

1. My name is _______________________. My home or office address is ___________________________. I am serving as _______________________, and, in that capacity, I (describe work function) in or relating to the above-captioned case.

2. I certify that I have read and understood the entire Settlement Confidentiality Protective Order, which is attached hereto and incorporated herewith as Exhibit A. I agree to undertake and abide fully and completely by the terms of the Settlement Confidentiality Protective Order.

3. In particular, and without limitation of the foregoing, I recognize that the Confidential Settlement Communications to which I have access as part of my work relating to this case may contain privileged proprietary information; I shall keep confidential the Confidential Settlement Communications and the information contained thereto; I shall not disclose to, reveal to, or discuss with any person, in any way, any Confidential Settlement Communications, or the information contained therein, other than as authorized by the attached

Settlement Confidentiality Protective Order; and I shall not use the Confidential Settlement Communications, or the information contained therein, for any purpose, except as authorized by the Settlement Confidentiality Protective Order.

4. I agree that, upon (a) the final termination of the above-captioned case, or (b) the conclusion of my involvement with the above-captioned case, whichever occurs first, I shall execute an affidavit certifying that I have returned, destroyed, or employed reasonable measures to delete, degauss, or overwrite all such Confidential Settlement Communications, except as authorized by the Settlement Confidentiality Protective Order.

5. I understand that, if I disclose or reveal any Confidential Settlement Communications, or the information contained therein, in violation of the attached Settlement Confidentiality Protective Order, I may be subject to all applicable sanctions, including the penalties imposed by the Court for contempt.

______________________________
(NAME OF AFFIANT)

SWORN TO AND SUBSCRIBED BEFORE ME,

THIS _____ DAY OF _________________, ______,

_______________________
NOTARY PUBLIC